Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5537 | **DATE** | 12/10/2001 |
| **CASE TITLE** | Cement Masons Pension Fund vs. Everhard Concrete Construction | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The Court grants defendants' motion to dismiss (32-1) in part. Counts 2 and 3 are dismissed for failure to state a claim; in view of the basis for the Court's ruling, the dismissal is on the merits. As to Count 4, ruling is deferred. Plaintiffs' motion to cite additional authority (42-1) is granted. The parties are directed to file simultaneous briefs, by 12/19/01, addressing the issue of a general contractor's liability for a subcontractor's failure to comply with the Illinois Prevailing Wage Act. Courtesy copies are to be delivered to chambers on or before that date. Final ruling set to 12/21/01 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | 48 |
| | Copy to judge/magistrate judge. | | | | |
| OR | courtroom deputy's initials | | DEC 11 PM 5:27 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CEMENT MASONS PENSION FUND, LOCAL 803; CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; CEMENT MASONS SAVINGS FUND, LOCAL 803; and CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 803,<br><br>Plaintiffs,<br><br>vs.<br><br>EVERHARD CONCRETE CONSTRUCTION, INC. and WILLIAM A. RANDOLPH, INC.,<br><br>Defendants. | DOCKETED<br>DEC 1 2 2001<br><br>Case No. 00 C 5537 |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Several benefit funds of Cement Masons Local 803 ("the Funds") have sued a subcontractor, Everhard Concrete Construction, Inc., and a general contractor, William A. Randolph, Inc., pursuant to section 301 of the National Labor Relations Act, 29 U.S.C. 185(a), and section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. §1132. Everhard and Randolph made periodic contributions to the Funds for pensions and other employee benefits pursuant to successive collective bargaining agreements concerning their employees who belonged to Local 803. Everhard failed to pay some of the benefit payments to the Funds and eventually went out of business. The Funds sought to recover these payments from Everhard under Count 1 of their amended complaint, and the Court entered an agreed judgment order for $37,000 against Everhard on February 20, 2001. In Counts 2, 3, and 4 of their second



amended complaint, the Funds allege that the general contractor, Randolph, agreed to pay Everhard's delinquencies to the Funds. Randolph has moved to dismiss these claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Funds allege that in 1991, Randolph entered into a collective bargaining agreement (CBA) with Local 803 in which Randolph agreed to contribute to the Funds. Randolph also agreed that

> if [Randolph] should contract or subcontract any of the aforesaid works falling within the trade jurisdiction of the Union as set forth herein, [Randolph] shall contract or subcontract such work only to firms that are parties to an executed, current collective bargaining agreement with Local No. 803, to insure the observance of the wages, benefits, hours and other terms and conditions of employment provided herein.

Plf. Ex. B (CBA) § 14. In 1999, Randolph secured a contract to do construction work on the schools in the Glenbard School District. Randolph subcontracted the cement work on the project to Everhard. The Funds have alleged that this was a "public project" under the Illinois Prevailing Wage Act, 820 ILCS 130, and accordingly, contractors like Randolph and Everhard were required to pay workers wages and fringe benefits at levels prevailing in the community. During the course of the project, Everhard had financial difficulties, and the Funds allege that Everhard failed to pay the prevailing wages and fringe benefits to the union employees required by the Act. Everhard eventually failed to complete its work on the project and went out of business. According to the Funds, the general contractor Randolph is responsible under the 1991 CBA to pay Everhard's obligations to the Funds.

The Funds also allege that after Everhard began to have financial difficulties, Randolph paid some of the fringe benefits that Everhard owed to the Funds. Everhard's delinquency continued, however, and a Local 803 official, Harold Rife, approached a Randolph official and

2

notified him about the delinquency. Rife told Randolph that Local 803 intended to exercise its legal rights to notify the public of Everhard's delinquency through picketing the job site. The Funds allege that in response, the Randolph official and Randolph's payroll administrator both told Rife in August 2000 that Randolph would assume Everhard's delinquent payments to the Funds. The Funds allege that based on this oral promise, the union employees refrained from picketing. Randolph, however, did not pay Everhard's delinquencies.

The Funds have brought three claims against Randolph. In Count 2, the Funds allege that Randolph's CBA required it to pay the subcontractors' contributions. Count 3 is based on the alleged oral promise by Randolph to assume Everhard's delinquent payments. Count 4 is a claim under the Illinois Prevailing Wage Act.

## Discussion

In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true the complaint's well pleaded facts, drawing reasonable inferences in the plaintiff's favor. *Northern Trust Co. v. Peters,* 69 F.3d 123, 129 (7th Cir. 1995). The Court does not determine the merits of the case but instead simply determines whether that the complaint is sufficient. *Bensdorf & Johnson, Inc. v. Northern Telecom, Ltd.,* 58 F.Supp.2d 874, 877 (N.D. Ill. 1999). A complaint may not be dismissed unless it is clear that the nonmovant can prove no set of facts supporting its claim for relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

1.   **Count 2**

In Count 2, the Fund allege that Randolph breached the CBA, specifically section 14, which provides that work falling within the union's jurisdiction will be subcontracted "only to firms that are parties to an executed, current collective bargaining agreement with Local 803, to "insure" the observance of the wages, benefits, hours and other terms and conditions of

3

employment provided herein." The Funds argue that this provision makes Randolph a guarantor for defaulting subcontractors.

Issues of contract interpretation are well-suited to summary disposition. *Collins v. Ralston Purina Co.*, 147 F.3d 592, 598 (7th Cir. 1998). If a contract unambiguously shows that the relief requested is not warranted, the Court will dismiss the plaintiff's claim. *Palda v. General Dynamics Corp.*, 47 F.3d 872, 876 (7th Cir. 1995). An agreement is unambiguous if its language lends itself to only one reasonable interpretation. *Illinois Conference of Teamsters and Employers Welfare Fund v. Mrowicki*, 44 F.3d 451, 459 (7th Cir. 1994).

Emphasizing section 14's use of the word "insure," the Funds argue that the provision constitutes an express guaranty of the subcontractors' obligations to pay wages and benefits to their workers. But both of the cases on which the Funds rely contained language far different from that in section 14. In *Laborer's Pension Fund v. Concrete Structures of the Midwest, Inc.*, 999 F.2d 1209, 1211 (7th Cir. 1993), the general contractor specifically agreed to "assume the obligations" of its subcontractors to pay their employees' wages and benefits. And in *Mason Tenders v. Abatement International/Advatex Associates, Inc.*, 82 F. Supp. 2d 175, 177 (S.D.N.Y. 2000), the general contractor had agreed "to be responsible" for the subcontractors' obligations. No similar language appears in section 14 of Randolph's CBA.

Rather, by its plain terms, the only requirement that section 14 imposed on Randolph was to make sure that its subcontractors had CBAs with Local 803. The agreement's recitation that the purpose of this requirement was to ensure compliance with certain wage and benefit requirements did not impose any additional obligations upon Randolph and certainly did not make it a guarantor of its subcontractors' obligations. There is no ambiguity in section 14, and its plain language refutes the Funds' claim in Count 2.

4

### 2. Count 3

Count 3 is based on the Funds' claim that Randolph orally promised to pay Everhard's benefit obligations to Local 803. The Funds allege that this was an oral modification to the 1991 CBA and that in consideration for Randolph's promise, Local 803 refrained from picketing the job site, which might have had the effect of stopping work if other union members refused to cross the picket line.

ERISA requires that agreements establishing an employer's required contributions to an ERISA-governed plan be in writing. *See Operating Engineers Local 139 Health Benefit Fund v. Gustafson Construction Corp.*, 258 F.3d 645, 650 (7th Cir. 2001) (citing 29 U.S.C. § 186(c)(5)(B)). The Seventh Circuit has concluded that oral modifications to an ERISA plan, including oral modifications to CBAs that establish an ERISA plan, are unenforceable. *See id.* at 649-50; *Downs v. World Color Press*, 214 F.3d 802, 805 (7th Cir. 2000); *Pohl v. National Benefits Consultants, Inc.*, 956 F.2d 126, 128 (7th Cir. 1992). This is because "[o]ne of ERISA's purposes is to protect the financial integrity of pension and welfare plans by confining benefits to the terms of the plans as written, thus ruling out oral modifications." *Pohl*, 956 F.2d at 128. Accordingly, taking as true the Funds' allegations regarding an oral modification of the CBA, that modification is unenforceable.

### 3. Count 4

The Illinois Prevailing Wage Act provides that on public works projects like the Glenbard projects, workers are to be paid not less than the "general prevailing rate of hourly wages," defined as the hourly wages plus fringe benefits paid generally in the locality. 820 ILCS 130/2 & 3. In Count 4, the Funds claim that Randolph is liable for Everhard's violations of the IPWA in failing to pay prevailing rates of pay to Everhard's employees. The parties have

devoted their briefs to arguing whether the IPWA is preempted by ERISA. But there appears to the Court to be a more basic issue concerning the IPWA, namely whether it permits a suit against a general contractor to recover for a subcontractor's failure to make the appropriate payments. If the Funds cannot make a claim against Randolph in the first instance, we need not address the preemption issue. Because the parties have not addressed this issue, we will defer ruling on Count 4 to give them the opportunity to do so.

## Conclusion

For the reasons explained above, the Court grants defendants' motion to dismiss [Docket No. 32-1] in part. Counts 2 and 3 are dismissed for failure to state a claim; in view of the basis for the Court's ruling, the dismissal is on the merits. As to Count 4, ruling is deferred. Plaintiffs' motion to cite additional authority [42-1] is granted. The parties are directed to file simultaneous briefs, by December 19, 2001, addressing the issue of a general contractor's liability for a subcontractor's failure to comply with the Illinois Prevailing Wage Act. Courtesy copies are to be delivered to chambers on or before that date. The Court will issue a final ruling on December 21, 2001 at 9:30 a.m.

Dated: December 10, 2001

MATTHEW F. KENNELLY
United States District Judge